**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| vs.                                              ) | No. IP 03-191-CR-B/F |
| ) | 1:05-cv-1545-SEB-VSS |
| MAYLON PULLENS,                     ) | |
| ) | |
| Defendant.        ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. In this case, defendant Maylon Pullens has failed to make such a showing. Accordingly, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion rests on the following facts and circumstances:

   1.   As part of the resolution of charges against Pullens, he reached a plea agreement with the United States.

   2.   The plea agreement was submitted to and accepted by the court.

   3.   Pullens' guilty plea was valid, because it was made voluntarily, knowingly, and intelligently. *See United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases).

   4.   The plea agreement contained a provision specifying that Pullens would not appeal his conviction and sentence and also would not contest his sentence or the manner in which it was determined "in any collateral attack, including . . . an action brought under 28 U.S.C. § 2255."

5.  Although there are limited circumstances in which the validity of such a waiver provision can be challenged, there are no circumstances presented or discernible here suggesting that the waiver provision of the plea agreement is unenforceable. *See Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) (such waivers "are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

6.  The waiver provisions in the plea agreement bar Pullens from proceeding with his motion pursuant to 28 U.S.C. § 2255.

7.  For the reasons explained above, Pullens is not entitled to relief in this action. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/25/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana